IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JODI KAYE, on Behalf of          §
Herself and                      §
All Others Similarly Situated,   §
                                 §
                    Plaintiff,   §
                                 §   Civil Action No. 3:05-CV-0450-D
VS.                              §
                                 §
SOUTHWEST AIRLINES CO.,           §
                                 §
                    Defendant.   §

MEMORANDUM OPINION
AND ORDER

The instant motion to remand presents the questions whether this case is removable based on complete preemption or on the ground that defendant was acting as an officer of the United States.  Concluding that the case is not removable on either basis, the court grants plaintiff's motion to remand.

I

Plaintiff Jodi Kaye ("Kaye") filed this putative class action in Texas state court against defendant Southwest Airlines Co. ("Southwest") alleging claims for breach of contract and unjust enrichment arising from Southwest's failure to refund a Passenger Facility Charge ("PFC") and September 11th Security Fee ("Security Fee") that she paid when she purchased a ticket for air travel on Southwest.  Included in the ticket price was the PFC authorized by 49 U.S.C. § 40117 and the Security Fee mandated by 49 U.S.C. § 44940.  The terms of the contract of carriage specified that the fare was non-refundable and would be forfeited if the ticket was

not used according to its terms or applied to other travel on the airline within one year.  Kaye did not use the ticket or apply it to other travel within one year, thereby forfeiting the fare she paid.  Kaye alleges, however, that the PFC and Security Fee were not part of the fare.  She contends that Southwest was not required to remit the fees to the federal government until the ticket was used.  Kaye avers that, because she did not use her ticket and, in her view, Southwest's duty to remit the fees to the government had not matured, Southwest breached its contract and was unjustly enriched by failing to refund the PFC and Security Fee when the ticket expired.

Southwest removed the case, asserting that this court has federal question jurisdiction under 28 U.S.C. § 1331 because Kaye's claims are completely preempted by federal law.  It also alleges that removal is proper under 28 U.S.C. § 1442, the federal officer removal statute, because it was acting as an agent of the federal government in collecting and remitting the PFC and Security Fee to the government.  Kaye moves to remand.

II

Because Southwest removed this action from state court, it has the burden of overcoming an initial presumption against jurisdiction and establishing that removal is proper.  *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "[D]oubts regarding whether removal jurisdiction is proper should be resolved

against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).

III

The court first considers whether Southwest has demonstrated that Kaye's claims are completely preempted by the Aviation and Transportation Security Act ("ATSA"), 49 U.S.C. § 44940.

"Ordinarily, the well pleaded complaint rule governs federal question jurisdiction. Under the rule, '[r]emoval is not possible unless the plaintiff's "well pleaded complaint" raises issues of federal law sufficient to support federal question jurisdiction.'" *Ervin v. Stagecoach Moving & Storage, Inc.*, 2004 WL 1253401, at *2 (N.D. Tex. June 8, 2004) (Fitzwater, J.) (quoting *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993)). Complete preemption, however, is an exception to the well pleaded complaint rule and gives rise to removal jurisdiction even though the federal question is not apparent from an examination of the complaint. *See Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336-37 (5th Cir. 1999).

> Complete preemption is a narrow exception. . . .   To establish complete preemption, [Southwest] must show that (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear Congressional intent that claims brought under the federal law be removable.  Few federal statutes can meet such an exacting standard.

- 3 -

*Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000) (citations, quotation marks, and some brackets omitted).

Southwest points to 49 U.S.C. §§ 44940(g)[1] and 46110[2] as acting in combination to completely preempt Kaye's claims. According to Southwest, § 44940(g) satisfies the first element of complete

---

[1]Section 44940(g) provides:

> Refunds.— The Under Secretary may refund any fee paid by mistake or any amount paid in excess of that required.

[2]Section 46110 provides, in relevant part:

> (a) Filing and venue.—  . . . [A] person disclosing a substantial interest in an order issued by the . . . Under Secretary of Transportation for Security with respect to security duties and powers designated to be carried out by the Under Secretary . . . may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.  The petition must be filed not later than 60 days after the order is issued. The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day.
>
> *        *        *
>
> (c) Authority of court.— When the petition is sent to the . . . Under Secretary . . . , the court has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order and may order the . . . Under Secretary . . . to conduct further proceedings.

- 4 -

preemption because it provides a civil enforcement mechanism for passengers seeking a refund of the Security Fee.  Southwest asserts that § 46110 satisfies the second and third elements because it authorizes judicial review of an order of the Under Secretary of Transportation for Security ("Under Secretary") and provides that federal courts of appeals have exclusive jurisdiction over such reviews.

Southwest's contention is unavailing because it reads into § 44940(g) a cause of action that Congress did not confer.  Section 44940(g) merely authorizes the Under Secretary to refund fees that are mistakenly paid or are paid in excess of what is required, as evidenced by the permissive language the statute employs.  *See* 49 U.S.C. § 44940(g) ("The Under Secretary *may* refund any fee paid by mistake or any amount paid in excess of that required." (emphasis added)); *see also, e.g., Okla. Press Publ'g Co. v. Walling*, 327 U.S. 186, 217 n.57 (1946) (noting that "may" is discretionary term).  Contrary to Southwest's argument, § 44940(g) is not a civil enforcement provision that creates a cause of action.  Nor do its implementing regulations create a cause of action or establish a procedural mechanism for passengers to obtain refunds of Security Fees associated with an expired airline ticket.  *See* 49 C.F.R. pt. 1510 (2004).

The fact that § 44940(g) does not create a cause of action is evidenced with even greater clarity when the statute is contrasted

with statutes that do expressly create a private right of action.[3]
For example, the Employee Retirement Income Security Act of 1974
("ERISA"), which often serves as a basis for removal based on
complete preemption, contains a proviso that creates a cause of
action.  *See* 29 U.S.C. § 1132.  Section 1132 expressly provides
that "[a] civil action may be brought[.]"  ERISA also contains
provisions that detail who may bring an action and the conduct that
may be the basis of an action, and it provides for jurisdiction in
the federal court.  *See id.*  Although the court does not suggest
that the level of detail that ERISA contains is required of every
statute that creates a private right of action, statutes that
expressly create a cause of action contain language that clearly
evinces Congressional intent to do so.  *See, e.g.,* 18 U.S.C.
§ 2255(a) (Protection of Children from Sexual Predators Act of
1998) ("Any minor who is a victim of a violation of [specified
statutes] . . . may sue in any appropriate United States District
Court[.]"); 49 U.S.C. § 14706(d)(1) (Carmack Amendment) ("A civil
action under this section may be brought. . . .").  When the
language of § 44940(g) is scrutinized in relation to these
statutes, it becomes indubitable that § 44940(g) does not create a
private right of action.

Because Southwest has not shown that § 44940 provides a civil

---

[3]Southwest does not argue that the cause of action it asserts
is contained in § 44940(g) is an implied cause of action.

enforcement provision, it has failed to demonstrate that it creates
a cause of action that both replaces and protects the area of state
law under which Kaye proceeds.  *See Johnson*, 214 F.3d at 632
(noting that first element of complete preemption requires showing
that federal law "contains a civil enforcement provision that
creates a cause of action that both replaces and protects the
analogous area of state law").   Accordingly, Southwest cannot
satisfy the first element of the three-part complete preemption
test, and it has failed to establish that this case is removable on
the basis that the ATSA completely preempts Kaye's claims.[4]

IV

The court considers next whether the case is removable under
28 U.S.C. § 1442(a)(1),[5] the federal officer removal provision.

---

[4]In a July 26, 2005 submission, Southwest cites the Supreme
Court's recent decision in *Grable & Sons Metal Products, Inc. v.
Darue Engineering & Manufacturing*, ___ U.S. ___, 125 S. Ct. 2363
(2005).  *Grable & Sons* is inapposite because it does not involve
complete preemption.   Instead, it is concerned with federal
question jurisdiction where asserted state-law claims implicate
significant federal issues.   *See id.* at 2366-67.   Southwest's
argument for removal under § 1331 is based on complete preemption.
In neither its notice of removal nor its response to the motion to
remand does it articulate any other ground, including that
plaintiff's claims implicate significant federal issues, that is
sufficient to require the court's consideration or to support
removal.

[5]Section 1442(a) provides, in relevant part:

A  civil  action  or  criminal  prosecution
commenced in a State court against any of the
following may be removed by them to the
district court of the United States for the
district and division embracing the place

- 7 -

Southwest urges application of the Fifth Circuit's three-part test for determining whether federal officer removal jurisdiction exists.  To avail itself of removal under this standard, Southwest must show that (1) it is a "person," (2) it "act[ed] under color of federal authority" when committing the acts that allegedly caused Kaye's injury, and (3) it has asserted a colorable federal defense. *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998).  Kaye concedes that the first element is satisfied. *See* P. Br. at 7 n.2.

Southwest contends that it was acting under color of a federal office when it collected and remitted PFCs and Security Fees.  It points to cases in which private entities were permitted to remove cases under § 1442 because they were government contractors, were fiscal intermediaries under the Medicare program, or operated in an exceedingly complex regulatory environment.  Southwest analogizes to these contexts and argues that it likewise "is being sued . . .

---

wherein it is pending:
(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

over conduct that is prescribed by federal law." D. Br. at 11.[6]

As a threshold matter, the court rejects Southwest's argument that it may remove the case because it is being sued for taking action required by federal law. Such an argument views federal officer removal too simplistically. The relevant inquiry is not merely whether Southwest is being sued over conduct that is prescribed by federal law. Indeed, federal law is ubiquitous and compels a wide range of conduct by individuals, corporations, and other "persons"; a federal court does not have removal jurisdiction over a lawsuit under § 1442(a)(1) merely because the private defendant is sued for conduct that federal law mandates.

"The second factor necessary for § 1442 removal is a finding

---

[6]Southwest cites *Connor v. Matthews*, 134 F.Supp.2d 797 (N.D. Tex. 2001) (Kendall, J.), as being among the cases that it considers analogous to the instant suit. *Connor*, however, is clearly inapposite. In *Connor* Judge Kendall was not required to determine whether a private entity acted under the direction of a federal officer; the defendant *was* a federal officer——an Internal Revenue Service agent——who was sued by a tax protestor for actions undertaken to collect a tax.
Additionally, *AIG Europe (UK) Ltd. v. McDonnell Douglas Corp.*, 2003 WL 257702 (C.D. Cal. Jan. 28, 2003), which Southwest cites, is also distinguishable. In *AIG Europe* the private defendant exercised authority granted by statute to the Administrator of the Federal Aviation Administration ("FAA") but delegated to the private defendant, as authorized by the same statute. *See id.* at *2. The relevant statute expressly authorized the FAA Administrator to delegate to a qualified private person or employee under that person's supervision matters related to issuing certificates, and the Administrator had designated the defendants to serve as FAA representatives by certifying planes according to specifications. There has been no similar delegation in this case. The relevant statutes require airlines to collect the PFC and Security Fee. *See* 49 U.S.C. §§ 40117(i)(2)(A), 44940(e)(2). They do not expressly permit delegation to the airlines the duty of a federal official to collect the fees.

that the defendant[ ] acted pursuant to a federal officer's directions and that a causal nexus exists between the defendant['s] actions under color of federal office and the plaintiff's claims." *Winters*, 149 F.3d at 398 (citing *Willingham v. Morgan*, 395 U.S. 402, 409 (1969)).  To show the requisite federal direction requires that Southwest demonstrate that a federal officer has direct and detailed control over it.  *See* 16 *Moore's Federal Practice* § 107.15[1][b][ii] (3d ed. 2005); *see also Winters*, 149 F.3d at 399-400.  Southwest asserts that it is subject to the "strict control" necessary to satisfy this element of federal officer removal.

Southwest's argument that the government monitors and dictates "[e]very aspect of Southwest's conduct related to PFCs and Security Fees" is based on regulations that require the airline to keep detailed records and to file periodic reports concerning the fees, authorizing the government to audit the airline's records related to the fees, and subjecting the airline to civil penalties or other enforcement actions for failure to comply with the regulations. The regulations and statutes that Southwest cites do require that it establish and maintain a financial management system to account for the fees collected and remitted, submit reports on a quarterly basis, and provide for audits of their handling of the fees.  *See* 14 C.F.R. §§ 158.49, 158.65 (2004); 49 C.F.R. §§ 1510.15, 1510.17 (2004).  There is also a statute that provides for civil penalties

for Southwest's violation of its duty under 49 U.S.C. § 44940.  *See*
49 U.S.C. § 46301(a)(1)(A).

The provisions Southwest cites do not, however, give rise to
the requisite degree of control necessary to conclude that
Southwest acted under the direction of a federal officer.  Although
they demonstrate that Southwest was compelled to take certain
actions concerning handling the fees, Southwest has not established
the *detailed* control necessary for a private entity to avail itself
of removal under § 1442(a)(1).  *See Brown v. Delta Air Lines, Inc.*,
No. CIV-03-871-L, slip op. at 11 (W.D. Okla. Oct. 8, 2004) (holding
on similar facts that airlines' actions were not subject to the
detailed control required for federal officer removal).

*Winters*——which involved a company's manufacture of the toxic
chemical product Agent Orange——illustrates the necessary degree of
government control.  In *Winters* a company was compelled to deliver
the product Agent Orange under threat of criminal sanction.  The
government dictated the specific composition of the product,
controlled the manner in which the product was labeled and shipped,
and maintained ongoing supervision of the product's manufacture,
packaging, and delivery.  *See Winters*, 149 F.3d at 398-400; *see
also Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 418 (5th Cir.
2001) (noting that *Winters*' holding that producer acted under color
of federal authority was based on "government's 'strict control
over the development and subsequent production of Agent Orange.'"

(quoting *Winters*, 149 F.3d at 399)).  Other cases demonstrate that a significant amount of government control and supervision is necessary to establish that a private entity acts under the color of federal authority.  *See, e.g., Teague v. Bell Helicopter Servs., Inc.*, 2003 WL 21135481, at *1-*4 (N.D. Tex. Feb. 12, 2003) (McBryde, J.) (holding sufficient control existed where evidence indicated government exercised intimate control over every aspect of design and manufacture of helicopter); *Reed v. Fina Oil & Chem. Co.*, 995 F. Supp. 705, 710-12 (E.D. Tex. 1998) (holding requirement satisfied where defendant produced evidence that "almost every aspect of the actual operation of the plant was supervised or dictated by the federal government").

Southwest has failed to demonstrate a level of detailed control comparable to *Winters* and similar cases involving government contractors.  It has established nothing more than that federal statutes and regulations require it to collect and remit the fees, account for them, submit quarterly reports, and make its books available for audits.  This showing does not sufficiently demonstrate the government's direct and intimate control and supervision over its activities.

The court also finds unpersuasive Southwest's invocation of cases in which courts have concluded that fiscal intermediaries who implemented Medicare programs acted under color of federal office. Southwest has not shown that its conduct related to the Security

Fees is closely akin to a private fiscal intermediary that implements a Medicare program. The Medicare cases are premised on the close relationship between the government and the fiscal intermediary and the degree of detailed control exercised. *See Bakalis v. Crossland Sav. Bank*, 781 F. Supp. 140, 145 (E.D.N.Y. 1991) ("[*Group Health Inc. v. Blue Cross Ass'n*, 587 F. Supp. 887 (S.D.N.Y. 1984)] . . . allows private corporations to remove only when the corporation is so intimately involved with government functions as to occupy essentially the position of an employee of the government."). As discussed above, Southwest has not established that the government exercises the degree of detailed control that is required for Southwest to be deemed to act at the direction of a federal official.

Southwest's reliance on *Gurda Farms, Inc. v. Monroe County Legal Assistance Corp.*, 358 F. Supp. 841 (S.D.N.Y. 1973), is also misplaced. *Gurda Farms* was also decided on the basis of the degree of control exercised by the government over the defendant private organization. The organization was subject to "exceedingly complex regulations, guidelines, and evaluation schemes," *id*. at 844, that are not comparable to the regulations that control Southwest's duties with regard to the Security Fees.[7]

---

[7]*Dixon v. Georgia Indigent Legal Services, Inc.*, 388 F. Supp. 1156 (S.D. Ga. 1974), is distinguishable for the same reasons. *See Little v. Purdue Pharma, L.P.*, 227 F.Supp.2d 838, 862 (S.D. Ohio 2002) (characterizing *Dixon* as "carbon copy" of *Gurda Farms*); *Dixon*, 388 F. Supp. at 1161 (calling *Gurda Farms* "a nearly perfect

Accordingly, the court concludes that Southwest has failed to demonstrate that this case is removable under § 1442(a)(1).[8]

V

Kaye moves under 28 U.S.C. § 1447(c) for her costs incurred as a result of improper removal.  Southwest does not state any grounds for opposing this request.  Kaye is entitled to recover from Southwest her just costs, and any actual expenses, including attorney's fees, limited to the "fees and costs incurred in federal court that would not have been incurred had the case remained in state court," *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).  If the parties cannot agree concerning the amount Kaye is entitled to recover, she may apply to the court for such an award no later than 30 days from the date this memorandum opinion and order is filed.

\* \* \*

Kaye's April 4, 2005 motion to remand is granted.  The court holds that it lacks subject matter jurisdiction and, pursuant to 28 U.S.C. § 1447(c), remands this case to the 68th Judicial District

---

fit of a precedent").

[8]Because the court concludes that it lacks subject matter jurisdiction, it will not consider Southwest's pending Fed. R. Civ. P. 12(c) motion.

- 14 -

Court, Dallas County, Texas.   The clerk shall effect the remand according to the usual procedure.

**SO ORDERED**.

August 29, 2005.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE